1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY RUSSI and CHARLOTTE RUSSI,
Husband and Wife, and their marital
community,

     Plaintiffs,

   v.

MAERSK, INC., a New York Corporation;
MAERSK LINE LTD., a Delaware
Corporation; REDERIET A.P. MOLLER
d/b/a A.P. MOLLER - MAERSK A/S, a
Danish Company; HOYER GLOBAL (USA),
INC., a Texas Corporation; HOYER
ODFJELL BV, a Dutch Company; ATOFINA
CHEMICALS, INC., a Pennsylvania
Corporation; and ARKEMA, INC., a
Pennsylvania Corporation,

     Defendants.

Case No. 3:06-CV–05416- RBL

ORDER DENYING DEFENDANTS
ATOFINA CHEMICALS, INC.'S AND
ARKEMA, INC.'S MOTION TO
DISMISS PURSUANT TO FRCP
12(B)(6)

**I. INTRODUCTION**

THIS MATTER comes before the Court on Defendants Atofina Chemicals, Inc.'s and Arkema, Inc.'s

Motion to Dismiss pursuant to FRCP 12(b)(6).  Defendants request that the Court dismiss the cause of action

against them because Plaintiffs' Amended Complaint, dated October 24, 2006, does not relate back to

Plaintiffs' Original Complaint, dated July 10, 2006, under FRCP 15(c) and thus is barred by the applicable

statute of limitations.  Plaintiffs respond by arguing that the Amended Complaint does in fact relate back to

ORDER
Page - 1

1  the date of the Original Complaint under FRCP 15(c) and that the complaint is timely. The Court has reviewed

2  the materials submitted in support of, and in opposition to, the Motion to Dismiss.  For the following reasons,

3  Defendants' motion is DENIED.

## II. FACTUAL BACKGROUND

5  Troy Russi claims he was injured on July 24, 2003, when he was exposed to a toxic substance while

6  working as a longshoreman on the *Axel Maersk* in the Port of Tacoma. On July 10, 2006, Troy and Charlotte

7  Russi filed a complaint ("Original Complaint") against Maersk, Inc., Maersk Line, Ltd., and A.P. Moller-

8  Maersk A/S, who the Russis believed owned the *Axel Maersk*, and Hoyer Global (USA), Inc., and Hoyer

9  Odfjell BV, who the Russis believed owned the container that leaked the toxic substance on the *Axel Maersk*.

10  The applicable statute of limitations for the Russis' claim is three years from the date of the accident, meaning

11  the statute of limitations expired on July 24, 2006.

12  In a conversation on or around October 11, 2006, Plaintiffs' counsel learned from Hoyer's counsel that

13  the container allegedly causing Troy Russi's injury was on a long-term lease to "Atofina" and that Atofina was

14  responsible for the maintenance of the container. Atofina was dissolved as a corporate entity sometime in 2004,

15  and its parent company, Total, restarted the business under the name Arkema. Hoyer's counsel confirmed that

16  Arkema was in fact the leasee of the container in question under a long-term lease in a letter to Plaintiffs'

17  counsel dated October 13, 2006. Plaintiffs filed an Amended Complaint ("Amended Complaint") on October

18  24, 2006, adding Atofina Chemicals, Inc. (Atofina) and Arkema Inc. (Arkema) as defendants. Plaintiffs served

19  Atofina on October 26, 2006, and Arkema on October 31, 2006.

## III. ANALYSIS

21  **A. FRCP 12(b)(6) Standard**

22  In reviewing a motion to dismiss under FRCP 12(b)(6), this Court must assume all facts as alleged by

23  the Plaintiffs, the non-moving party, are true. *Hospital Bldg. Co. v. Trustees of Res Hosp.*, 425 U.S. 738, 740

24  (1976). If the Plaintiffs' Amended Complaint was filed after the limitations period expired and does not relate

25  back to the filing date of the Original Complaint, this Court must dismiss the action.

26

27

28

**B. FRCP 15(c) Standard**

Federal Rule of Civil Procedure 15(c) states, in part:

> An amended pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied, and within the period provided for in Rule 4(m) for service of summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FRCP 15(c).  There is no dispute that the allegations in Plaintiffs' Amended Complaint arose out of the same "conduct, transaction or occurrence" as those alleged in the Original Complaint. Additionally, there is no dispute that Defendants Atofina and Arkema were served with Plaintiffs' Amended Complaint within the 120-day period required by Rule 4(m). Plaintiffs filed their Original Complaint on July 10, 2006, and Defendants Atofina and Arkema received notice of the Amended Complaint on October 26, 2006, and October 31, 2006, respectively, both of which are  within 120 days of the date of the Original Complaint.

The dispute in this case centers on whether Plaintiffs' failure to name Atofina and Arkema in the Original Complaint can properly be characterized as a "mistake" under Rule 15(c)(3)(B). If Plaintiffs' failure to name Atofina and Arkema is not properly characterized as a mistake, then the Amended Complaint will not relate back to the filing date of the Original Complaint, and Plaintiffs' Amended Complaint against Atofina and Arkema must be dismissed.

"Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party." *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994).  Although the Rule does not define "mistake," the Ninth Circuit has taken a liberal approach and allowed relation back when the plaintiff was ignorant of the identity of the proper defendant. *See, e.g., id.*  Although other circuits have taken a more strict approach to "mistake" under Rule 15(c), *see, e.g.*, *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir.1980) (holding that plaintiffs' ignorance of defendants' identity was not a mistake under Rule 15(c), and thus plaintiffs' amended complaint did not relate back), those cases are not binding on this Court.

In *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, the Ninth Circuit affirmed its liberal reading of "mistake" under Rule 15(c). In that case, G.F. Co. arranged to have cargo shipped aboard  the *Pan Queen*, a vessel

1  owned by Pan Ocean Shipping Co. *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1500 (9th Cir.

2  1994). The cargo was damaged during shipping, and G.F. subsequently filed a complaint against Panobulk

3  America, Inc. ( Pan Ocean's claims agent), the Pan Queen, Banque Indosuez, and Does 1 and 2. *Id.*  However,

4  G.F. Co. failed to include Pan Ocean Shipping Co. as a defendant. *Id.*

5          In its Answer to the Complaint, Panobulk stated that it was not liable to G.F. Co. because it was "an

6  agent of a disclosed principal or principals." *Id.* G.F. Co. moved for summary judgment against Panobulk, and

7  Panobulk responded by proving that Pan Ocean Shipping Co. owned the Pan Queen. *Id.* G.F. Co. then filed

8  a motion to amend its complaint to add Pan Ocean Shipping Co. as a defendant under Rule 15(c) since the

9  applicable statute of limitations had already expired. *Id.*  The trial court granted the motion, and the Ninth

10  Circuit affirmed. *Id.* at 1500, 1504.

11          The Ninth Circuit reasoned that G.F. Co.'s complaint, which erroneously asserted that "Panobulk

12  owned, operated, and controlled the Pan Queen," proved that G.F. Co. was mistaken in failing to name Pan

13  Ocean Shipping Co., the real owner of the Pan Queen, as a defendant. *Id.* at 1504.  Once G.F. Co. learned that

14  Pan Ocean Shipping Co. owned the Pan Queen, it immediately moved to amend its complaint. *Id.* at 1500.

15  There was no indication that G.F. Co. chose for tactical reasons not to include Pan Ocean Shipping Co. in the

16  original complaint. *Id.* at 1504. Thus, the amended complaint related back to the date of the original complaint

17  under Rule 15(c). *Id.*

18          Similarly, in this case, Plaintiffs' Amended Complaint relates back to the date of the Original Complaint

19  under Rule 15(c). In their Original Complaint, Plaintiffs alleged that Hoyer was negligent in "filling and shipping

20  the hazardous chemical substance." When Plaintiffs filed their Original Complaint, they did not know that

21  Atofina/Arkema had control over the container through a long-term lease from Hoyer. Once Plaintiffs learned

22  from Hoyer's counsel that Atofina/Arkema had control over the container, they immediately filed an Amended

23  Complaint adding Atofina and Arkema as Defendants.

24          In the Amended Complaint, Plaintiffs alleged that Arkema was negligent in "filling and shipping the

25  hazardous chemical substance." Thus, the substance of Plaintiffs' allegations did not change; instead, Plaintiffs

26  simply changed the party against whom they asserted their claims. Just as G.F. Co.'s failure to name Pan Ocean

27  Shipping Co. in their original complaint can be properly characterized as a mistake, Plaintiffs' failure in this case

28  to name Atofina and Arkema in their Original Complaint can similarly be characterized as a mistake under Rule

1  15(c). Therefore, Plaintiffs' Amended Complaint relates back to the date of the Original Complaint under Rule

2  15(c).

3        Defendants have not alleged that Plaintiffs failed to include Atofina and Arkema as Defendants in the

4  Original Complaint for tactical reasons, nor have Defendants alleged that they will suffer prejudice in defending

5  the allegations against them. Defendants' Motion to Dismiss under FRCP 12(b)(6) is DENIED.

6        DATED this 20th day of January, 2007.

7

8

9        _____
        RONALD B. LEIGHTON

10       UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 5