HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY RUSSI and CHARLOTTE RUSSI, Husband and Wife, and their marital community,

Plaintiffs,

v.

MAERSK, INC., a New York Corporation; MAERSK LINE LTD., a Delaware Corporation; REDERIET A.P. MOLLER d/b/a A.P. MOLLER - MAERSK A/S, a Danish Company; HOYER GLOBAL (USA), INC., a Texas Corporation; HOYER ODFJELL BV, a Dutch Company; ATOFINA CHEMICALS, INC., a Pennsylvania Corporation; and ARKEMA, INC., a Pennsylvania Corporation,

Defendants.

Case No. 3:06-CV-05416- RBL

ORDER REGARDING DEFENDANTS ATOFINA CHEMICALS, INC.'S AND ARKEMA, INC.'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

Pending before the Court is Defendants Atofina Chemical Inc.'s and Arkema, Inc.'s (collectively "Arkema") Motion for Reconsideration. For the reasons explained below, the Court grants Plaintiffs thirty (30) days to conduct limited discovery and to supplement the record before this Court regarding the issue of Arkema's notice. Once that discovery is complete, the Court will issue an Order on Arkema's Motion for Reconsideration.

ORDER
Page - 1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Troy and Charlotte Russi filed their Original Complaint in Pierce County Superior Court on July 10, 2006, alleging that Troy Russi was injured when he was exposed to a toxic substance while working as a longshoreman on the *Axel Maersk* in the Port of Tacoma. They filed their Original Complaint against Maersk, Inc., Maersk Line, Ltd., and A.P. Moller-Maersk A/S, who the Russis believed owned the *Axel Maersk*, and Hoyer Global (USA), Inc., and Hoyer Odfjell BV, who the Russis believed owned the container that leaked the toxic substance on the *Axel Maersk*. The statute of limitations on Plaintiffs' claims expired on July 24, 2006. On July 26, 2006, Defendants Maersk, Inc. And Maersk Line Limited ("Maersk") removed the case to this Court.

In early October 2006, Plaintiffs learned that Arkema may have had a long-term lease on the container that allegedly caused Troy Russi's injuries and that Arkema may have been responsible for the container's maintenance. On October 24, 2006, Plaintiffs filed an Amended Complaint adding Arkema as a defendant.

On December 15, 2006, Arkema moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), arguing that Plaintiffs' Amended Complaint did not relate back to the date of Plaintiffs' Original Complaint, and thus the Amended Complaint violated the applicable statute of limitations. In its Motion to Dismiss, Arkema argued first that the Federal Rules of Civil Procedure governed whether Plaintiffs' Amended Complaint related back to the Original Complaint and argued that Plaintiffs' Amended Complaint did not satisfy FRCP 15(c). Alternatively, Arkema argued that if Washington's CR 15(c) governed whether Plaintiffs' Amended Complaint related back to the Original Complaint, the Court must dismiss the Complaint because Arkema did not receive notice of the suit before the limitations period expired on July 24, 2006, as required by CR 15(c).

This Court denied Arkema's Motion to Dismiss under FRCP 12(b)(6). The Court found that FRCP 15(c) governed whether Plaintiffs' Amended Complaint related back to the Original Complaint and that the Amended Complaint met the requirements of FRCP 15(c). The Court did not address the relation back issue under CR 15(c).

///
//
/

Arkema moved for reconsideration, arguing that the Court failed to address Arkema's argument that Plaintiffs' claim expired in state court before it was removed to this Court. Arkema argues that the Plaintiffs' claim does not relate back under CR 15(c), and since the claim against Arkema expired before removal to this Court, the Court cannot apply FRCP 15(c) to "revive" Plaintiffs' claim.

## III. ANALYSIS

Although both parties originally agreed that FRCP 15(c) governed the issue of whether Plaintiffs' Amended Complaint related back to the date of the Original Complaint, Arkema now persuasively argues that CR 15(c) governs the issue. This choice of law issue is complicated by the fact that the lawsuit was filed in state court before the limitations period expired and was not removed to this Court until after the limitations period expired. Additionally, the Amended Complaint was not filed until the case was removed to this Court. Thus, the Court must determine whether to apply the FRCP 15(c), which governed this Court at the time Plaintiffs filed their Amended Complaint, or whether to apply CR 15(c), which governed at the time the statute of limitations expired. Although the parties have not cited any authority that is directly on point, the Court finds it appropriate to apply CR 15(c).

Plaintiffs' cause of action against Defendants is unquestionably based on a federal substantive law, but it does not necessarily follow that federal procedural law governs the case. Plaintiffs chose to file suit in Pierce County Superior Court. Although Plaintiffs' cause of action against Arkema is federal in nature, had the case remained in Pierce County Superior Court, Washington procedural law, not the Federal Rules of Civil Procedure, would have governed. *See American Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994).

The limitations period for Plaintiffs' claims against Arkema expired on July 24, 2006, two days before Defendant Maersk removed the case to this Court. Although Plaintiffs' Amended Complaint relates back to Plaintiffs' Original Complaint under FRCP 15(c), the Federal Rules of Civil Procedure cannot be used to "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Thus, the Federal Rules of Civil Procedure "cannot give [a cause of action] longer life in the federal court than it would have had in the state court." *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533–34 (1949).

If Maersk had not removed the case to this Court, FRCP 15(c) would not be available to save Plaintiffs' Amended Complaint from the expiration of the limitations period. The cases cited by Plaintiffs in this regard are inapposite. All the cases Plaintiffs cite, such as *Bomar v. Keyes*, 162 F.2d 136 (2d Cir. 1947) and *Pavlak*

*v. Church*, 681 F.2d 617 (9th Cir. 1982), are cases in which the plaintiff filed his or her cause of action in federal court. Conversely, in this case, Plaintiffs chose to file their federal cause of action in state court.

Because Washington procedural law governed the case at the time the limitations period expired, this Court must look to Washington procedural law to determine whether Plaintiffs' Amended Complaint adding Arkema as a defendant relates back to the date of the Original Complaint.

CR 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

CR 15(c). This rule is almost identical to FRCP 15(c), but there is one important difference between the two. Under FRCP 15(c), the defendant to be brought in by the amended complaint must receive notice within 120 days of the filing of the original complaint. *See* Fed. R. Civ. P. 15(c). Conversely, under CR 15(c), the party to be brought in by the amended complaint must receive notice *before* the limitations period expires. *See* Wash. Civ. R. 15(c).

Arkema argues that Plaintiffs have failed to establish that Arkema had notice prior to the expiration of the limitations period. Arkema makes no argument as to whether Plaintiffs have satisfied the remaining requirements of CR 15(c), but given the similarities between CR 15(c) and FRCP 15(c) and the Court's previous Order finding that Plaintiffs' Amended Complaint satisfied FRCP 15(c), the Court assumes that Plaintiffs' Amended Complaint satisfies the other requirements of CR 15(c). Thus, the only issue is whether Arkema had notice prior to the expiration of the limitations period.

Because the parties have conducted very little, if any, discovery on the issue of Arkema's notice, the Court grants Plaintiffs thirty (30) days to conduct limited discovery on the issue of what Arkema knew about the suit and when it obtained that information. If Plaintiffs can provide sufficient evidence that

Arkema had the required notice before the limitations period expired on July 24, 2006, the Court will affirm its prior Order denying Defendant's Motion to Dismiss on the basis that the Amended Complaint relates back to the date of the Original Complaint under CR 15(c). However, if Plaintiffs fail to demonstrate that Arkema had notice of the claim prior to the expiration of the limitations period, the Court will Grant Arkema's Motion to Dismiss pursuant to FRCP 12(b)(6).

DATED this 16th day of February, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE