HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY RUSSI and CHARLOTTE RUSSI, Husband and Wife, and their marital community,<br><br>Plaintiffs,<br><br>v.<br><br>MAERSK, INC., a New York Corporation; MAERSK LINE LTD., a Delaware Corporation; REDERIET A.P. MOLLER d/b/a A.P. MOLLER - MAERSK A/S, a Danish Company; HOYER GLOBAL (USA), INC., a Texas Corporation; HOYER ODFJELL BV, a Dutch Company; ATOFINA CHEMICALS, INC., a Pennsylvania Corporation; and ARKEMA, INC., a Pennsylvania Corporation,<br><br>Defendants. | Case No. 3:06-CV-05416- RBL<br><br><br><br>ORDER GRANTING DEFENDANTS ATOFINA CHEMICALS, INC.'S AND ARKEMA, INC.'S MOTION FOR RECONSIDERATION |

**I. INTRODUCTION**

Pending before the Court is Defendants Atofina Chemical Inc.'s and Arkema, Inc.'s (collectively "Arkema") Motion for Reconsideration, Dkt.# 33. On February 16, 2007, the Court entered an Order giving Plaintiffs thirty (30) days to conduct limited discovery to determine whether Arkema had notice of the claim prior to the expiration of the limitations period, Dkt. # 39. On May 10, 2007, Plaintiffs responded that they were unable to demonstrate that Arkema had such notice, but requested that the Court consider its argument that Plaintiffs claim against Arkema could not have "expired" because Arkema was not a party while the case

ORDER
Page - 1

was pending in state court, Dkt. #43. Having considered these arguments, the Court Grants Arkema's Motion to Dismiss pursuant to FRCP 12(b)(6) for reasons explained below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Troy and Charlotte Russi filed their Original Complaint in Pierce County Superior Court on July 10, 2006, alleging that Troy Russi was injured when he was exposed to a toxic substance while working as a longshoreman on the *Axel Maersk* in the Port of Tacoma. They filed their Original Complaint against Maersk, Inc., Maersk Line, Ltd., and A.P. Moller-Maersk A/S, and Hoyer Global (USA), Inc., and Hoyer Odfjell BV (collectively "Hoyer"). The Russis believed that Hoyer owned the container that leaked the toxic substance. The three year statute of limitations on Plaintiffs' claims expired on July 24, 2006. On July 26, 2006, Defendants Maersk, Inc. and Maersk Line Limited removed the case to this Court.

In early October 2006, Plaintiffs learned that Arkema may have had a long-term lease on the container in question and that Arkema may have been responsible for the container's maintenance. On October 24, 2006, Plaintiffs filed an Amended Complaint adding Arkema as a defendant.

On December 15, 2006, Arkema moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), arguing that Plaintiffs' Amended Complaint did not relate back to the date of Plaintiffs' Original Complaint and that the Amended Complaint therefore violated the applicable statute of limitations. In its Motion to Dismiss, Arkema argued first that the Federal Rules of Civil Procedure governed whether Plaintiffs' Amended Complaint related back to the Original Complaint, and second, that Plaintiffs' Amended Complaint did not satisfy FRCP 15(c). Alternatively, Arkema argued that if Washington's CR 15(c) governed whether Plaintiffs' Amended Complaint related back to the Original Complaint, the Court must dismiss the Complaint because Arkema did not receive notice of the suit before the limitations period expired on July 24, 2006, as required by CR 15(c).

This Court denied Arkema's Motion to Dismiss under FRCP 12(b)(6), finding that FRCP 15(c) governed whether Plaintiffs' Amended Complaint related back to the Original Complaint and that the Amended Complaint met the requirements of FRCP 15(c). The Court did not address the relation back issue under CR 15(c).

Arkema moved for reconsideration, arguing that the Court failed to address Arkema's argument that Plaintiffs' claim expired in state court before it was removed to this Court. Addressing the relation back issue, the Court determined not only that CR 15(c) governed, but also that for Plaintiff's Amended Complaint to have related back to the Original Complaint under CR 15(c), Arkema must have received notice of the institution of Plaintiffs' action *before* the limitations period expired, Dkt. #39..

In Plaintiffs' Response to the Court's Order to Show Cause, Dkt. #43, Plaintiffs again argue that the joining of Arkema is subject only to federal procedural rules because a state court had not dismissed the claims against Arkema at the time the case was removed to federal court.

.

### III. ANALYSIS

For reasons detailed in its February 16, 2007 Order, Dkt. #39, this Court found it appropriate to apply Washington procedural law to determine whether Plaintiffs' Amended Complaint adding Arkema as a defendant relates back to the Original Complaint. This Court also determined that the only issue is whether Arkema had notice prior to the expiration of the limitations period. Because Plaintiffs have been unable to establish that Arkema had such notice, Plaintiffs' Amended Complaint does not relate back to the Original Complaint under the applicable procedural law (CR 15(c)). Therefore, the Court Grants Arkema's Motion to Dismiss pursuant to FRCP 12(b)(6).

Plaintiffs do make a new argument that if their lawsuit had not been removed to federal court, then state procedural law may have afforded them an opportunity to maintain their action against Arkema on the asserted grounds that Arkema had a community of interest with an originally-named party. However, even assuming that Plaintiffs' argument is correct, Plaintiffs have come forward with no allegations or evidence that Arkema had such a community of interest with such a party. Furthermore, the citations provided in support of this argument suggest that Arkema's relationships with other named parties were not such that notice could be imputed to Arkema.

Plaintiffs cite two cases in which there was a community of interest between a decedent and his estate, where both the decedent and his estate were to be defended by the same insurer, and the insurer had notice of the claim. *See Schwartz v. Douglas,* 98 Wn. App. 836, 840, 991 P.2d 665, 667 (2000); *Craig v. Ludy,* 95 Wn. App. 715, 719-720, 976 P.2d 1248,1251 (1999). Both of these cases relied on a case in which there was a

community of interest when both the proper defendant and the originally-named defendant used the same mailing address, used the same counsel, and occupied the same business complex. *See Hendrix v. Memorial Hosp.,* 776 F.2d 1255, 1257-58 (5th Cir. 1985). Plaintiffs also cite a case in which there was a community of interest between entities that shared the same agent for claims purposes. *See Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1400 -1401 (C.A. Cal. 1984).

The critical issue that emerges is whether the proper defendant had notice of the *action* (not merely notice of the incident that gave rise to the action) and knew or should have known that it should have been named as a defendant. *See Craig,* 95 Wn. App. at 719-720.

The cases relied on by Plaintiffs establish that the alleged relationships between Arkema and the originally-named defendants are not such that Arkema can be said to have had notice of the action. On the contrary, the closest relationship alleged between any of the originally-named defendants and Arkema is that of lessor-lessee, a relationship that is not nearly as close as either the relationship between a decedent and his estate, the relationship between entities sharing an address and counsel, or the relationship between entities that share an agent for claims purposes. Consequently, notice of the claim cannot be imputed from Hoyer to Arkema based solely on their relationship as lessor-lessee, even though a leak in the leased container is alleged to have given rise to the claim. Without such notice, Plaintiffs' Amended Complaint would not have related back to their original Complaint under CR 15(a). Therefore, even if Plaintiffs' lawsuit had not been removed to federal court, Plaintiffs would not have had an opportunity to maintain their action against Arkema.

The Court GRANTS Arkema's Motion for Reconsideration, Dkt. #33, and dismisses Plaintiffs claim against Arkema pursuant to FRCP 12(b)(6).

DATED this 6th day of June, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE